JOHN STROUGH, RESPONDENT, v. EDWIN S. BROWN, APPELLANT.

*Statute of frauds — a promise to pay the debt of another must be supported by a valuable consideration.*

APPEAL from a judgment of the County Court of Fulton county, in favor of the plaintiff, and from an order denying a motion for a new trial.

The plaintiff, a blacksmith, did work for one Nathan Brown, father of defendant, for which Nathan became indebted to him in a sum of upwards of thirty dollars. The plaintiff and Nathan then had some words and plaintiff told Nathan he would do no more work for him. Afterwards the defendant requested the plaintiff to do some work for him, and plaintiff told him he would not do it upon the account of Nathan. Defendant said: "I want you to do my work and I will pay you." Plaintiff said: "How about that account of your father's that stands back yet." Defendant said: "I will pay you the whole." The plaintiff afterwards did some work for defendant and received some merchandise from him at a price amounting to more than the price of the work done for defendant. Afterwards the plaintiff and defendant together adjusted the accounts of the plaintiff against both Nathan and the defendant,

treating them as one account against the defendant, and after allowing credits, including the merchandise furnished plaintiff by defendant, found a balance of thirty dollars and twenty-seven cents in plaintiff's favor. For this balance the defendant gave this due bill :

"1877, *March 9th*·

"This day settled in full and found due John Strough thirty dollars and twenty-seven cents.

"EDWIN S. BROWN."

The court at General Term said: "The plaintiff upon the trial recovered the amount of this due bill. Upon his own account the defendant owed plaintiff nothing, and although the above instrument is a promissory note the consideration may be inquired into between the parties. The note is in fact a promise by defendant to pay the debt of Nathan Brown, and is within the statute of frauds unless it was made upon a consideration moving to the promisor and beneficial to him. This settlement was made in pursuance of the defendant's promise to pay Nathan's back account. If the plaintiff would do work for him he said he would pay the whole, that is, the amount of the indebtedness he should incur and the amount his father had already incurred. The plaintiff was to work for the defendant for full compensation for that work, and therefore that work and the compensation for it so balanced each other that there was no unsatisfied overplus of work to be done that could form any consideration for the promise of the defendant to pay his father's debt." (*Pfeiffer* v. *Adler*, 37 N. Y., 164; *Belknap* v. *Bender*, 75 id., 446.)

*J. M. & H. Dudley & Thorne*, for the appellant.

*Crumby & Jones*, for the respondent.

Opinion by LANDON, J.; LEARNED, P. J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment reversed, with costs.